**IT IS ORDERED as set forth below:**

**Date: April 24, 2024**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBER |
| | : | |
| JAMILA CHONTAI BRISCOE, | : | 24-50631-LRC |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| Debtor. | : | BANKRUPTCY CODE |

**ORDER**

Debtor filed a Motion to Assign a New Judge and Trustee (Doc. 57, the "Motion"). The Court held a hearing on the Motion on April 23, 2024. During the hearing, Debtor stated that she filed the Motion because she believes the Court is biased against her, primarily because she has chosen to proceed without counsel. Debtor also confirmed that she developed this belief when the Court, on numerous occasions, denied Debtor's requests for relief. The Court notes that, although the

docket reflects that the Court denied Debtor's Motion to Extend the Automatic Stay (Doc. 49), the Court also denied the Chapter 13 Trustee's Motion to Dismiss (Doc. 48) and gave Debtor additional time to make her missing plan payments. As a result, Debtor's meeting of creditors and the confirmation hearing have been rescheduled, permitting Debtor an opportunity to continue in her case.

Under 28 U.S.C. § 455(a), "[a]ny . . . judge . . . shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," and under subsection (b), a judge shall disqualify herself if she has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. The appropriate test under Eleventh Circuit law is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *In re Levine,* 2018 WL 4005434, at *2–3 (Bankr. N.D. Ga. Aug. 20, 2018) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). "Section 455 'does not invite recusal whenever it is requested by a party.'" *Id*. (citing *Guthrie v. Wells Fargo Home Mortgage, N.A.*, 2015 WL 1401660 at *3 (N.D. Ga. March 26, 2015). In fact, "there is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as

2

there is for [her] to do so when there is." *Id*. Typically, something more than just adverse rulings need be shown to support a finding that recusal is appropriate. *See generally In re Bush*, 232 F. App'x 852, 854 (11th Cir. 2007) ("A judge's rulings in a related case are not a sufficient basis for recusal, except where pervasive bias is shown."). Based on the facts of this case, including the fact the Court previously denied the Chapter 13 Trustee's motion to dismiss Debtor's case and gave Debtor additional time to bring her plan payments current, the Court concludes that an objective, disinterested, lay observer would not conclude that the Court is biased against Debtor. Therefore, recusal is not appropriate.

As Debtor orally withdrew her request for a new Chapter 13 trustee, the Court need not address that request.

Accordingly,

IT IS ORDERED that the Motion, to the extent it was not withdrawn, is DENIED.

**END OF DOCUMENT**

**ALL PARTIES ON THE COURT'S MAILING MATRIX**